ORIGINAL

FILED
SEP 2 8 2007
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

REX G. MAUGHAN and
RUTH G. MAUGHAN,
husband and wife,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 07-704 T

**COMPLAINT**

General Allegations

1. This is an action for recovery of federal income tax, together with interest as provided by law, founded upon the Internal Revenue Code of 1986 (hereafter "I.R.C.").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) and I.R.C. § 7422(a).

3. Plaintiffs Rex G. Maughan and Ruth G. Maughan, husband and wife, are residents of Paradise Valley, Arizona, whose taxpayer identification numbers are 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 and 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, respectively.

4. Defendant is the United States of America, acting through its agency, the Internal Revenue Service ("IRS").

5. This action is brought for each of the tax years 1991 through and including 1996. The returns for the years here at issue were timely filed, by the extended due dates, with the Internal Revenue Service Center at Ogden, Utah.

COUNT I - 1991 Tax Year

6. Plaintiffs filed a joint 1991 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 14, 1992.

7. The names, address, and taxpayer identification numbers on the 1991 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

8. Plaintiffs timely paid, on or before April 15, 1992, income taxes of $7,527,017.00 to the Internal Revenue Service Center at Ogden, Utah.

9. On or about October 18, 1999, the IRS made an agreed assessment against Plaintiffs of additional federal income taxes of $288,001.00 and interest of $238,979.81 for the tax year 1991. On or about August 26, 1999, Plaintiffs paid to the IRS on account of this assessment the sum of $527,443.07 to the IRS Appeals Office at Phoenix, Arizona.

10. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13 (as then applicable). A copy of the transmittal is attached hereto as Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

11. The claim was for a refund of federal income tax in the amount of $1,280,452.00, together with interest as provided by law. A copy of the Form 1040X refund claim is attached hereto as Exhibit 1.

12. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 2.

13. Plaintiffs' original tax return for 1991 treated their ownership interest in a Japanese entity, Forever Living Products Japan, Inc. (hereafter "FLPJ") as ownership of a corporation for United States income tax purposes.

14. Plaintiffs' refund claim for 1991 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Treasury Regulations (hereafter "Kintner Regulations"). Treas. Reg. § 301.7701-2 (1996).

15. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1991, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1991 in the amount of $1,021,196.00, together with interest as provided by law.

## COUNT II - 1992 Tax Year

16. Plaintiffs filed a joint 1992 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 11, 1993.

17. The names, address, and taxpayer identification numbers on the 1992 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

18. Plaintiffs timely paid, on or before April 15, 1993, income taxes of $11,459,559.00 to the Internal Revenue Service Center at Ogden, Utah.

19. On or about October 18, 1999, the IRS made an agreed assessment against Plaintiffs of additional federal income taxes of $459,795.00 and interest of $321,173.21 for the tax year 1992. On or about August 26, 1999, Plaintiffs paid to the IRS on account of this assessment the sum of $781,653.34 to the IRS Appeals Office at Phoenix, Arizona.

20. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13 (as then applicable). See Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

21. The claim was for a refund of federal income tax in the amount of $2,576,568.00, together with interest as provided by law. A copy of the Form 1040X is attached hereto as Exhibit 3. [1]

---

[1] Exhibits B and C to the claim are omitted as duplicative and redundant; a copy of a Japanese National Tax Tribunal Decision regarding FLPJ, dated June 19, 2000, and a copy of a Settlement Agreement between the owners of FLPJ, effective December 21, 1990. Copies of these exhibits are attached in their entirety to the 1991 claim and are specifically incorporated by reference within each claim exhibit hereafter.

22. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 4.

23. Plaintiffs' original tax return for 1992 treated their ownership interest in a Japanese entity, FLPJ, as ownership of a corporation for United States income tax purposes.

24. Plaintiffs' refund claim for 1992 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Regulations.

25. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1992, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1992 in the amount of $2,425,699.00, together with interest as provided by law.

COUNT III - 1993 Tax Year

26. Plaintiffs filed a joint 1993 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 14, 1994.

27. The names, address, and taxpayer identification numbers on the 1993 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

28. Plaintiffs timely paid, on or before April 15, 1994, income taxes of $10,782,929.00 to the Internal Revenue Service Center at Ogden, Utah.

29. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13 (as then applicable). See Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

30. The claim was for a refund of federal income tax in the amount of $4,664,846.00, together with interest as provided by law. A copy of the Form 1040X is attached hereto as Exhibit 5.

31. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 6.

32. The notice of disallowance contained **both** a full disallowance position **and** an alternative position which allowed the claim in an amount recalculated by the IRS.

33. The alternative position failed to utilize the correct foreign source income amounts in the recalculation, as previously determined in June, 2002 by the United States Competent Authority in a Mutual Agreement Procedure with the country of Japan under the U.S.-Japan Income Tax Convention. A copy of the Competent Authority Agreement letter is attached hereto as Exhibit 13.

34. By reason of the Competent Authority Agreement with Japan, the correct foreign source income increased the income tax refund claim properly payable for tax year 1993 to $4,711,256.00. On or about March 1, 2006, Plaintiffs conveyed

to the IRS, *inter alia*, the above information regarding the recalculation error contained in the alternative position.

35. Plaintiffs' original tax return for 1993 treated their ownership interest in a Japanese entity, FLPJ, as ownership of a corporation for United States income tax purposes.

36. Plaintiffs' refund claim for 1993 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Regulations.

37. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1993, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1993 in the amount of $4,711,256.00, together with interest as provided by law.

COUNT IV - 1994 Tax Year

38. Plaintiffs filed a joint 1994 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 14, 1995.

39. The names, address, and taxpayer identification numbers on the 1994 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

40. Plaintiffs timely paid, on or before April 15, 1995, income taxes of $23,431,480.00 to the Internal Revenue Service Center at Ogden, Utah.

41. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13 (as then applicable). See Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

42. The claim was for a refund of federal income tax in the amount of $5,457,397.00, together with interest as provided by law. A copy of the Form 1040X is attached hereto as Exhibit 7.

43. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 8.

44. The notice of disallowance contained **both** a full disallowance position **and** an alternative position which allowed the claim in an amount recalculated by the IRS.

45. The alternative position failed to utilize the correct foreign source income amounts in the recalculation, as previously determined in June, 2002 by the United States Competent Authority in a Mutual Agreement Procedure with the country of Japan under the U.S.-Japan Income Tax Convention. See Exhibit 13.

46. By reason of the Competent Authority Agreement with Japan, the correct foreign source income increased the income tax refund claim properly payable for tax year 1994 to $9,292,695.00. On or about March 1, 2006, Plaintiffs conveyed to the IRS, *inter alia*, the above information regarding the recalculation error contained in the alternative position.

47. Plaintiffs' original tax return for 1994 treated their ownership interest in a Japanese entity, FLPJ, as ownership of a corporation for United States income tax purposes.

48. Plaintiffs' refund claim for 1994 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Regulations.

49. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1994, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1994 in the amount of $9,292,695.00, together with interest as provided by law.

COUNT V - 1995 Tax Year

50. Plaintiffs filed a joint 1995 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 15, 1996.

51. The names, address, and taxpayer identification numbers on the 1995 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

52. Plaintiffs timely paid, on or before April 15, 1996, income taxes of $19,859,725.00 to the Internal Revenue Service Center at Ogden, Utah.

53. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13

(as then applicable). See Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

54. The claim was for a refund of federal income tax in the amount of $8,088,149.00, together with interest as provided by law. A copy of the Form 1040X is attached hereto as Exhibit 9.

55. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 10.

56. The notice of disallowance contained **both** a full disallowance position **and** an alternative position which allowed the claim in an amount recalculated by the IRS.

57. The alternative position failed to utilize the correct foreign source income amounts in the recalculation, as previously determined in June, 2002 by the United States Competent Authority in a Mutual Agreement Procedure with the country of Japan under the U.S.-Japan Income Tax Convention. See Exhibit 13.

58. By reason of the Competent Authority Agreement with Japan, the correct foreign source income increased the income tax refund claim properly payable for tax year 1995 to $9,863,011.00. On or about March 1, 2006, Plaintiffs conveyed to the IRS, *inter alia*, the above information regarding the recalculation error contained in the alternative position.

59. Plaintiffs' original tax return for 1995 treated their ownership interest in a Japanese entity, FLPJ, as ownership of a corporation for United States income tax purposes.

60. Plaintiffs' refund claim for 1995 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Regulations.

61. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1995, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1995 in the amount of $9,863,011.00, together with interest as provided by law.

COUNT VI - 1996 Tax Year

62. Plaintiffs filed a joint 1996 federal income tax return, Form 1040, with the Internal Revenue Service Center in Ogden, Utah, on or about October 11, 1997.

63. The names, address, and taxpayer identification numbers on the 1996 Form 1040 are Rex G. and Ruth G. Maughan, P.O. Box 29041, Phoenix, Arizona 85038, identification numbers as set forth in paragraph 3 above.

64. Plaintiffs timely paid, on or before April 15, 1997, income taxes of $18,393,384.00 to the Internal Revenue Service Center at Ogden, Utah.

65. By transmittal letter dated November 28, 2001, Plaintiffs filed a Form 1040X refund claim dated September 27, 2001 with the United States Competent Authority in Washington, D.C., as required by Revenue Procedure 96-13 (as then applicable). See Exhibit 14. The refund arises from foreign tax credits, and the claim for refund was therefore timely under I.R.C. § 6511(d)(3).

66. The claim was for a refund of federal income tax in the amount of $8,223,412.00, together with interest as provided by law. A copy of the Form 1040X is attached hereto as Exhibit 11.

67. On September 29, 2005, the IRS mailed a formal notice of disallowance to Plaintiffs, which started the running of the statute of limitations per I.R.C. § 6532(a)(1). A copy of the notice of disallowance is attached hereto as Exhibit 12.

68. The notice of disallowance contained **both** a full disallowance position **and** an alternative position which allowed the claim in an amount recalculated by the IRS.

69. The alternative position failed to utilize the correct foreign source income amounts in the recalculation, as previously determined in June, 2002 by the United States Competent Authority in a Mutual Agreement Procedure with the country of Japan under the U.S.-Japan Income Tax Convention. See Exhibit 13.

70. By reason of the Competent Authority Agreement with Japan, the correct foreign source income increased the income tax refund claim properly payable for tax year 1996 to $9,424,505.00. On or about March 1, 2006, Plaintiffs conveyed to the IRS, *inter alia*, the above information regarding the recalculation error contained in the alternative position.

71. Plaintiffs' original tax return for 1996 treated their ownership interest in a Japanese entity, FLPJ, as ownership of a corporation for United States income tax purposes.

72. Plaintiffs' refund claim for 1996 is based upon a corrected entity classification, that FLPJ should properly be treated as an unincorporated association or partnership under the applicable law, the Kintner Regulations.

73. Plaintiffs' treatment of FLPJ as a partnership for United States income tax purposes results in increased income to Plaintiffs from FLPJ in 1996, as well as increased income tax, and substantially increased foreign tax credits. The result of the tax rate arbitrage between Japan and the United States is that Plaintiffs have overpaid their federal income tax for 1996 in the amount of $9,424,505.00, together with interest as provided by law.

Allegations Regarding All Counts

74. For all the years here involved, 1991 through 1996 as set forth in Counts I-VI, the Japanese entity FLPJ lacked three of the corporate characteristics relevant under the Kintner Regulations: the ownership in FLPJ was not freely transferable, the owners of FLPJ lacked limited liability (vis-a-vis the National Tax Administration of Japan), and FLPJ lacked centralized management. The absence of two (or more) corporate characteristics requires the classification of FLPJ as an unincorporated association or partnership type of entity, which is transparent for United States income tax purposes.

75. No action on the claims for refund attached as Exhibits 1, 3, 5, 7, 9 and 11 has been taken by Congress or any agency of the United States (other than the IRS Notices of Disallowance attached as Exhibits 2, 4, 6, 8, 10 and 12), or in any judicial proceeding, including any in the Tax Court of the United States.

76. On or about April 19, 2007, Plaintiffs filed a request for Appeals Office consideration of the above Notices of Disallowance with the Phoenix office of the IRS. The LMSB Examination function of the IRS failed and/or refused to transmit the administrative file to the Appeals Office for settlement consideration as required by standard IRS procedures, and further refused to extend the statute of limitations for the filing of the instant suit to allow Appeals Office settlement consideration.

77. Plaintiffs are the sole owners of the claims included in Exhibits 1, 3, 5, 7, 9 and 11, as informally modified on or about March 1, 2006 with the IRS and as asserted herein, and have made no assignment thereof.

Wherefore, Plaintiffs demand judgment in their favor and against the United States:

(1) In the amounts of $1,021,196.00 for 1991 (Count I), $2,425,699.00 for 1992 (Count II), $4,711,256.00 for 1993 (Count III), $9,292,695.00 for 1994 (Count IV), $9,863,011.00 for 1995 (Count V), and $9,424,505.00 for 1996 (Count VI), for a total of $36,738,362.00, plus interest and costs as provided by law, and

.....

.....

(2) For such other and further relief as the Court may deem just and appropriate.

Respectfully submitted this 26th day of September, 2007.

Terence D. Woolston

Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle, Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193
Counsel of Record for Plaintiffs

Of Counsel:

Tim A. Tarter
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle, Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193