**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Case No. 07-704T

(Judge Lawrence M. Baskir)

REX G. MAUGHAN and
RUTH G. MAUGHAN,
husband and wife,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

**MOTION FOR MORE DEFINITE STATEMENT**

Plaintiffs Rex G. Maughan and Ruth G. Maughan (Maughan Plaintiffs) hereby Move pursuant to Rule 12(e) of the United States Court of Federal Claims (RCFC) for a More Definite Statement by Defendant of its claims of Offset, as more fully set forth below.

1. Maughan Plaintiffs' Complaint was timely filed on September 28, 2007.

2. Upon a Motion for Enlargement of Time by Defendant, the Court Ordered that an answer or response be filed by Defendant no later than January 28, 2008.

3. Defendant filed, without leave of Court, its untimely Answer on January 29, 2008.

4. Pursuant to RCFC 12(a)(1), after service of an Answer containing a claim of offset, Plaintiff shall have twenty (20) days in which to file a Reply to the claim of offset; for Maughan Plaintiffs this Reply would be due on or before February 19, 2008.

5. Defendant asserted an “affirmative defense” of set-off in its Answer that “the resulting reclassification of Forever Living Products Japan would have various affects that would increase plaintiffs’ income tax and/or excise tax liability to the United States. Plaintiffs’ tax liability would increase both for some of the years in suit and for other years.” Answer ¶ 81.

6. The identical language and concept are employed in the other “affirmative defenses” asserted by Defendant. See, Answer ¶¶ 79, 80.

7. Defendant fails to state the basis for its claim of offset/set-off in law or in fact, fails to state the years affected, the type and amount

of tax so claimed, and the other fundamental and basic aspects of the claim.

8. Defendant's claim of offset/set-off is so vague and ambiguous that Maughan Plaintiffs cannot reasonably be required to frame a responsive pleading without a more definite statement of Defendant's claim.

9. A claim of offset/set-off arising out of the transaction or occurrence that is the subject matter of Plaintiffs' Complaint is a compulsory counterclaim which must be stated with specificity, at the time of, and in Defendant's Answer. See, RCFC 13(a).

Wherefore, it is prayed that this Motion for More Definite Statement be granted and the Defendant be ordered to plead its offset/set-off claim with specificity and/or as a compulsory counterclaim.

Respectfully submitted this 12th day of February, 2008.

s/Terence D. Woolston
TERENCE D. WOOLSTON
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle,
Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193
Counsel of Record for Plaintiffs

Of Counsel:

TIM A. TARTER
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle
Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193