**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Case No. 07-704T

(Judge Lawrence M. Baskir)

REX G. MAUGHAN and
RUTH G. MAUGHAN,
husband and wife,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR MORE DEFINITE STATEMENT AND PLAINTIFFS' RESPONSE TO DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Plaintiffs, Rex and Ruth Maughan, submit the following reply to Defendant's response to Plaintiffs' motion for a more definite statement and respond to Defendant's cross-motion for leave to file an amended answer.

## I. Introduction

In its original answer, Defendant pled three affirmative defenses based on the additional taxes that Plaintiffs might owe as a result of FLPJ's reclassification as a partnership. In response to Plaintiffs' Motion for More Definite Statement, Defendant prepared an Amended Answer with three revised "specific affirmative defenses" and a new counterclaim "in an effort to address plaintiffs' concern." Response at 4. Defendant requests that it be granted leave to file its amended answer and that the Plaintiffs' motion for more definite statement be resolved on that basis. Unfortunately, Defendant's proposed Amended Answer fails to remedy any of the deficiencies in its original Answer. Its revised set-off/offset claim and its new counterclaim add further ambiguity and vagueness to its pleading.

## II. Reply to Defendant's Response to Plaintiffs' Motion for More Definite Statement

The precise income tax effects from reclassifying FLPJ from a corporation to a partnership are already known to Defendant or are not relevant to the years at issue in this case. Allegations asserted by the Defendant in its proposed amended answer do not provide support for either its revised affirmative defense of set-off or its new counterclaim. These allegations include most of its "affirmative defenses - general

allegations" (i.e., paragraphs 79-91) in the proposed amended answer. As discussed below, the Defendant continues its failure to state a sufficient basis for its set-off claim or its new counterclaim in law or in fact.

A. The tax effects unknown to Defendant are not at issue in this case.

Most of the tax effects that Defendant asserts cannot be resolved at this stage of the case are not at issue in this case. See, proposed Amended Answer, ¶¶ 80-83 and 88-90. Plaintiffs have limited their claims of refund to the years 1991 through 1996 (herein, "the years at issue"). Complaint at ¶ 5. However, in its response, the Defendant attempts to insert two unrelated tax issues to justify its continued reliance on vague and ambiguous allegations in both its set-off claim and its counterclaim. Both tax issues are outside the jurisdiction of the Court.

1. The Deemed Liquidation of corporate FLPJ does not impact on the years at issue.

Proposed amended answer paragraphs 80-83 do not support either the Defendant's set-off claim or its counterclaim. Although FLPJ's conversion to partnership status may have tax consequences from a "deemed liquidation of the corporation" these consequences do not

affect the years at issue. See, Response at 5-6. Defendant's Treasury Decision 8844 has previously determined that if a taxable liquidation is deemed to occur because of a change in corporate classification, it is treated "as occurring immediately before the close of the day before the effective date of [conversion]." T.D. 8844, 64 Fed. Reg. 66580 (11/29/99) at § I.C. In Plaintiffs' case, the alleged tax consequences from the deemed liquidation of the corporate FLPJ would occur on December 31, 1990, the day before the effective date of FLPJ's conversion to partnership status.

Furthermore, nothing prevents the Defendant from at least specifying the specific years affected and type of tax (i.e, income or excise) involved in any deemed liquidation.

2. The possible reversion in 1997 of FLPJ from a partnership back to a corporation does not impact the years at issue.

Proposed amended answer paragraphs 88-90 also do not support either the Defendant's set-off claim or its counterclaim. The Defendant attempts to obscure the issues in this case by boldly, and without justification, asserting that the new "check the box" regulations will cause FLPJ to revert back to a corporation in 1997. Response at 7. Even if this reversion was required, which it is not, it would clearly be an

involuntary change in a year beginning after 1996.[1] An involuntary change in entity status under the new regulations does not result in a deemed liquidation or contribution. See, T.D. 8844, supra, incorporating the provisions of Rev. Rul. 63-107.

B. The various tax effects that are actually at issue in this litigation are already known to Defendant.

Proposed amended answer paragraphs 84-87 concern the years at issue. However, they fail to state an adequate basis for Defendant's set-off claim or its new counterclaim in law or in fact, fail to state the years affected, the type and amount of tax so claimed, and the other fundamental and basic aspects of its claims. Plaintiffs cannot file an appropriate reply. The claims are so vague and ambiguous the Plaintiffs cannot reasonably be required to frame a responsive pleading without a more definite statement of Defendant's claims. See, RCFC 12(a)(1),

---

[1] Defendant apparently assumes that FLPJ is a KK (Kabushiki Kaisha) subject to the check-the-box regulations as a "per se" corporation classification, under Treas. Reg. 301.7701-2(b)(8). Its assumption is misplaced. FLPJ, under the revised check-the-box regulations, would be properly classified as a closely held family corporation or DK (Dozoku Kaisha) since FLPJ was owned and controlled by fewer than three shareholders. Japanese Corporation Tax Law, Art. 2(x). Accordingly, it is not subject to the new "per se" prohibitions in the regulations and would not be required to revert back to a corporation in 1997.

12(e) and 13(a). Furthermore, the Defendant has the information necessary to perfect its pleading.

At best, it is disingenuous for Defendant to assert in its Response and proposed Amended Answer that the income tax consequences from the reclassification of FLPJ for the years at issue depend on facts known only to Plaintiffs and not to Defendant. See, Response at 8; Amended Answer at ¶¶ 84-87. Defendant is wrong. [2] Paragraphs 84 and 87 of Defendant's proposed amended answer best illustrate the Defendant's lack of candor with this Court. They provide as follows:

> 84. Second, during each year of FLPJ's reclassification as a partnership, the computation of the income taxes owed by plaintiffs could be affected in various ways. Plaintiffs' foreign source income could increase. Plaintiffs' dividend income could decline. Plaintiffs' deductions could be affected. Plaintiffs could potentially claim additional foreign tax credits. Additional adjustments to the computation of plaintiffs' tax liability may also be necessary. . . .
>
> 87. The computation of plaintiffs' income tax liability for each affected year would depend on each alteration resulting from the reclassification. **Identifying and quantifying the tax consequences of FLPJ's reclassification as a partnership depends on**

[2] The Defendant's factual contentions lack evidentiary support and the denials of knowledge are not warranted. See, RCFC 11(b)(3) and (4).

> **facts known to plaintiffs but not defendant.** Such facts include, among other things, FLPJ's income and deductions that may flow through to plaintiffs' tax returns, the taxes paid by FLPJ for which plaintiffs may claim a foreign tax credit, and the financial records of the S-corporation through which plaintiffs owned shares in FLPJ.

(Emphasis added.) All of the various income tax issues involved in the reclassification of FLPJ as a partnership for the years at issue have been fully reviewed and calculated in Defendant's Revenue Agent Report (herein, "RAR"), portions of which are attached as Exhibit A.

The refund claims filed by Plaintiffs for 1991-1996 were subject to extensive audit analysis by the IRS from August 2003 through September 2005. The IRS requested, and Plaintiffs supplied, voluminous documents and information, including the very facts that Defendant now claims are known only to Plaintiffs. Indeed, in its Alternative Position, the RAR computes the effect of all the various issues that Defendant claims "depends on facts known to plaintiffs but not defendant." Amended Answer at ¶ 91. These include the following effects from reclassifying FLPJ as a partnership:

- The increase to Plaintiffs' foreign source income. Exhibit A at 9, 11, 13-14 and 16-17.
- The decline in Plaintiffs' dividend income. Id. at 2, 11 and 16.

- The effect on Plaintiffs' deductions. Id. at 3 and 13-14.
- The additional foreign tax credits available to Plaintiffs. Id. at 6-9, 11, 13-14 and 17.
- The additional FLPJ income and deductions that may flow through to Plaintiffs' tax returns. Id. at 6, 11 and 13-15.
- The taxes paid by FLPJ for which Plaintiffs may claim a foreign tax credit. Id. at 6-9, 11 and 18-19.
- The financial records of the S-corporation through which Plaintiffs owned shares in FLPJ. Id. at 10 and 13-14.

Although the Plaintiffs contend that the RAR's Alternative Position substantially understates the applicable refunds available to them, it is clear that the RAR contains the information necessary for the Defendant to at least perfect the allegations supporting its set-off claim and counterclaim.

## III. Plaintiffs' Response to Defendant's Cross-Motion for Leave to File an Amended Answer

Defendant's revised set-off claim and new counterclaim are insufficient under RCFC 12(e). The Defendant's proposed set-off/offset claim and counterclaim, if permitted to be filed by this Court, require Plaintiffs to reply. RCFC 12(a)(1). Accordingly, these claims cannot be so vague or ambiguous that Plaintiffs cannot reasonably be required to

frame a responsive pleading. RCFC 12(e).[3] Furthermore, a motion for a more definite statement is proper when the Government has sufficient information to perfect its pleading. See, Hargrove & Constanzo v. Commissioner, 240 F.R.D. 652, 658 (E.D. Cal. 2006) (counterclaim not sufficient where Government "plainly has the information to perfect its pleading"). As discussed above, the Government clearly has sufficient information to perfect its revised set-off claim for the years at issue and should be ordered by this Court to do so.

Defendant's new counterclaim contains an additional allegation that must be clarified before Plaintiffs can adequately reply. This vague and ambiguous statement includes the unsubstantiated allegation that the statute of limitations may permit Defendant to assess additional taxes, penalties and interest against the Plaintiffs. If there is any support for such an allegation, the Defendant has sufficient information in its files

[3] See, RCFC 8(a) (requiring pleadings, including counterclaims, contain plain statements of the Court's jurisdiction, that the pleader is entitled to relief, and a demand for the relief sought); see also, Mayfair Const. Co. v. United States, 228 Ct. Cl. 850 (1981) ("[The defendant's] counterclaim is not required to give specific instances of fraudulent conduct . . . [but] to the extent the allegations are made upon information and belief, [at least] supply the plaintiff with the facts upon which such a belief is based.").

to at least plead its basis in law and in fact, the years affected and the type and amount of tax so claimed.

By Defendant's own admission, this new counterclaim is only proposed "out of an abundance of caution." Response at 13. "Defendant believes that most of the additional taxes that plaintiffs may owe as a result of the reclassification of FLPJ [as a partnership] would likely affect closed years [where the statute of limitations would bar the assessment of any additional taxes]." Id. The years at issue in this litigation are "closed years." Id. Defendant's response and its cross-motion are devoid of any theory or allegation that would permit it to make additional assessments in the years at issue in this case. It is therefore impossible for Plaintiffs to frame a responsive pleading without a more definite statement of Defendant's counterclaim.

.....

.....

WHEREFORE, it is prayed that the Plaintiffs' Motion for More Definite Statement be granted and Defendant's Cross-Motion for Leave to File Amended Answer be denied.

Respectfully submitted this 17th day of March, 2008.

s/Terence D. Woolston by
s/Tim A. Tarter

TERENCE D. WOOLSTON
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle,
Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193
Counsel of Record for Plaintiffs

Of Counsel:

TIM A. TARTER
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle
Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9199
Fax. (602) 532-9193