IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-704 T

(Judge Lawrence M. Baskir)

REX G. MAUGHAN and RUTH G. MAUGHAN, husband and wife,

Plaintiffs

v.

UNITED STATES,

Defendant

REPLY IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AMENDED ANSWER

# TABLE OF CONTENTS


I. PLAINTIFFS IGNORE THE GOVERNING PLEADING STANDARD. 1

II. DEFENDANT'S PROPOSED AMENDED ANSWER IS SUFFICIENTLY SPECIFIC. 3

- A. Tax consequences occurring at the time of FLPJ's reclassification 4
- B. Tax consequences during each of the tax years affected by the reclassification 8
- C. Tax consequences of FLPJ's reversion back to a corporation 10
- D. Defendant's proposed counterclaim 11

III. CONCLUSION 11

# TABLE OF AUTHORITIES

CASES


*Conley v. Gibson*, 355 U.S. 41 (1957) 2

*Cook v. United States*, 46 Fed. Cl. 110 (2000) 8

*Everco Indus., Inc. v. O.E.M. Prods. Co.*, 63 F.R.D. 662 (N.D. Ill. 1974) 10

*Fed. Air Marshals v. United States*, 74 Fed Cl. 484 (2006) 5

*Hargrove & Constanzo v. Commisioner*, 240 F.R.D. 652 (E.D. Cal. 2002) 3

*Hess v. United States*, 537 F.2d 457 (Ct. Cl. 1976), *cert. denied*, 430 U.S. 931 (1977) 7

*In re O.P.M. Leasing Servs., Inc.*, 21 B.R. 986 (Bankr. S.D.N.Y. 1982) 3

*Last v. United States*, 37 Fed. Cl. 1 (1996) 7

*Mayfair Constr. Co. v. United States*, 228 Ct. Cl. 850 (1981) 3

*Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095 (E.D. Mo. 1993) 2

*United States v. Jones*, 916 F. Supp. 383 (D.N.J. 1995) 6


OTHER AUTHORITIES


RCFC 8(a) 2

## TABLE OF AUTHORITIES (continued)

OTHER AUTHORITIES (continued)


| | |
|---|---|
| RCFC 8(b) | 2 |
| RCFC 8(e) | 1-2, 11 |
| RCFC 9(b) | 2 |
| Boris I. Bittker & James S. Eustice, *Federal Income Taxation of Corporations and Shareholders*, ¶ 2.01[4] (6th ed. 1994) | 7 |

Defendant, the United States of America, submits the following reply in support of its cross-motion for leave to file an amended answer:

## I. **PLAINTIFFS IGNORE THE GOVERNING PLEADING STANDARD**.

Plaintiffs complained that defendant's original answer was overly general and, accordingly, that they were incapable of preparing a responsive pleading. Although defendant believed that its original answer was sufficient, in an effort to resolve the matter, defendant drafted a proposed amended answer that included additional specificity. The proposed amended answer included twelve paragraphs of detailed allegations that support defendant's affirmative defenses and counterclaim. (*See* Proposed Amended Answer ¶¶ 67-79.) Notwithstanding the further specificity, plaintiffs continue to complain that defendant's affirmative defenses and counterclaim are vague and ambiguous, and plaintiffs ask the Court to order defendant to plead even more detail.

Plaintiffs are attempting to impose a heightened pleading requirement despite the simple notice pleading standard under the Court's rules and in circumstances where additional detail must await both discovery and substantive rulings by the Court. Under the Rules of the Court of Federal Claims, each of defendant's averments "shall be simple, concise, and

direct." RCFC 8(e). Defendant's counterclaims are to be "a short and plain statement of the claim showing that the pleader is entitled to relief," and defendant must assert its defenses "in short and plain terms." RCFC 8(a), (b). Defendant's proposed amended answer easily meets these standards.

In *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), the Supreme Court explained the liberality of notice pleading:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts on which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

Under the system of notice pleading, a motion for a more definite statement is "not intended to correct a claimed lack of detail." *Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993). That is the purpose of discovery.

The liberal requirements of Rule 8 differ from the more stringent Rule 9(b), which requires "averments of fraud or mistake" to "be stated with particularity." RCFC 9(b). This particularized pleading requirement "is

reserved for averments of fraud or mistake" and does not apply more broadly in other contexts. *In re O.P.M. Leasing Servs., Inc.*, 21 B.R. 986, 993 (Bankr. S.D.N.Y. 1982). Where fraud and mistake are not at issue, the "modern philosophy of federal pleading requires only a general summary of a claim, not the pleading of facts or detail." *Id.*

Plaintiffs forget this distinction when they suggest that defendant's proposed amended answer is insufficient. Both *Hargrove & Constanzo v. Commisioner*, 240 F.R.D. 652 (E.D. Cal. 2002), and *Mayfair Constr. Co. v. United States*, 228 Ct. Cl. 850 (1981) – the two cases cited in plaintiffs' reply – concern the sufficiency of allegations of fraud under Rule 9(b) of the Federal Rules of Civil Procedure and Rule 33(b) of the Rules of the Court of Claims then in effect. Plaintiffs' cases do not support their argument that a more definite statement should be ordered here, where fraud and mistake are not at issue.

## II. DEFENDANT'S PROPOSED AMENDED ANSWER IS SUFFICIENTLY SPECIFIC.

Defendant's proposed amended answer outlines three categories of tax effects of FLPJ's reclassification from a corporation to a partnership. They include tax consequences: (1) that would occur at the time of the reclassification; (2) that would occur during each of the tax years affected

by the reclassification; and (3) that would occur when FLPJ's classfication reverts back to a corporation. (*See* Proposed Amended Answer ¶¶ 67-79.) Defendant's allegation of these tax consequences is simple and straightforward, just as the rules require. Plaintiffs' motion for a more definite statement seeks factual details and analysis that are properly the subject of discovery and are not required in defendant's pleadings.

### A. Tax consequences occurring at the time of FLPJ's reclassification

Plaintiffs ask the Court to order defendant to "specify[] the years affected and type of tax (i.e., income or excise) involved in any deemed liquidation" of FLPJ that would occur at the time of its reclassification from a partnership to a corporation. (P. Reply at 4.) It is not proper to require defendant to do so at this stage of the case.

Plaintiffs claim that "the effective date of FLPJ's conversion to partnership status" would occur on January 1, 1991 and, therefore, "the alleged tax consequences from the deemed liquidation of the corporate FLPJ would occur on December 31, 1990." (P. Reply at 4.) If plaintiffs are able to establish at trial that the effective date of the conversion was, indeed, January 1, 1991, then plaintiffs may be correct that the deemed liquidation would affect only the 1990 tax year. But, at this initial stage of

the case, that is merely an unproven allegation. It is possible, as defendant contends, that FLPJ should not be reclassified at all. Or it is possible that the Court will accept plaintiffs' suggestion that FLPJ should be reclassified but will conclude that the reclassification should occur on some date other than January 1, 1991.

Thus, the affected year or years can be specified only when the Court has received evidence and issued a ruling regarding whether FLPJ should be reclassified and, if so, when. The years affected will depend on the year or years for which the Court might reclassify FLPJ as a partnership. It is neither necessary nor possible for defendant to plead the precise years at this stage of the case. *See Fed. Air Marshals v. United States*, 74 Fed. Cl. 484 (2006) (holding that a claim for overtime compensation "for the years during which defendant failed to comply" with the Fair Labor Standards Act was "adequately pleaded" despite the plaintiffs' failure "to specify during which pay periods they received insufficient compensation," where defendant could "better establish the time periods in question" during discovery).

Plaintiffs' request that the Court should compel defendant to identify the "type of tax (i.e., income or excise) involved in any deemed liquidation"

is also without merit. (P. Reply at 4.) Defendant's proposed amended answer already outlines the consequences of FLPJ's deemed liquidation:

> The deemed liquidation of FLPJ could cause plaintiffs to realize either a gain or loss in their interest in the entity at the time of the reclassification. Some or all of any gain may be characterized as a dividend. The deemed recontribution of assets to FLPJ could cause plaintiffs to owe an excise tax on the transfer of those assets.

(Proposed Amended Answer ¶ 81.) Plaintiffs could experience possible income-tax and excise-tax consequences from any deemed liquidation. The amounts of those income and excise tax consequences can be determined after defendant has taken discovery regarding plaintiffs' basis in FLPJ and the value of FLPJ at the time of its deemed liquidation. In any event, it is not necessary for defendant "to plead the particular statutory provisions underlying" a claim for "particular taxes it seeks to recover." *United States v. Jones*, 916 F. Supp. 383, 385 (D.N.J. 1995). "All that the rules require is a short and plain statement of the claim." *Id.*

Plaintiffs further argue that the tax consequences of the deemed liquidation of FLPJ are irrelevant because they "do not affect the years at issue." (Plaintiffs' Reply at 3-4.) However, that argument is based on plaintiffs' unproven allegation that FLPJ should be reclassified from a corporation to a partnership effective January 1, 1991. If the

reclassification instead occurred in an open year, defendant could properly counterclaim for any taxes that are due.

Moreover, if the deemed liquidation occurred in a closed year, it would nevertheless be pertinent to defendant's affirmative defenses. The duty of consistency applies where a taxpayer "desire[s] to change [a] representation, previously made, in a later year after the statute of limitations on assessment bars adjustment for the initial years." *Hess v. United States*, 537 F.2d 457, 463 (Ct. Cl. 1976), *cert. denied*, 430 U.S. 931 (1977). Moreover, courts "may apply an estoppel doctrine to prevent a current benefit from being built on an uncorrectable error" where "earlier years are closed by the statute of limitations" and therefore "errors of the past will go uncorrected." Boris I. Bittker & James S. Eustice, *Federal Income Taxation of Corporations and Shareholders*, ¶ 2.01[4] (6th ed. 1994). Finally, under the doctrine of equitable recoupment, a party may "use a tax related claim, barred by the statute of limitations, as a defense to another party's timely tax related claim, where the two claims arise out of the same transaction or taxable event." *Last v. United States*, 37 Fed. Cl. 1, 23 (1996) (*quoting Harrah v. United States*, 69 F.3d 1448, 1451 (9th Cir. 1995)). Thus, even if the statute of limitations would bar defendant's

independent counterclaim for taxes owed by plaintiffs, it would not preclude defendant from invoking those taxes in defense of plaintiffs' claims here.

### B. Tax consequences during each of the tax years affected by the reclassification

Plaintiffs assert that defendant's allegations of tax consequences during the years of any reclassification are "so vague and ambiguous the Plaintiffs cannot reasonably be required to frame a responsive pleading without a more definite statement of Defendant's claims." (P. Reply at 5.) Plaintiffs ask the Court to require defendant to amend its answer to incorporate computations made by an IRS revenue agent, who had attempted to analyze the consequences of FLPJ's reclassification during the years in suit. (P. Reply at 7-8.) Plaintiffs' request should be denied.

"In tax refund suits, factual issues are tried *de novo* in this court, with no weight given to subsidiary factual findings made by the Service in its internal administrative proceedings." *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000). The revenue agent's computation of the tax consequences of FLPJ's reclassification from corporation to partnership during the years in suit is, accordingly, irrelevant. In addition, the evidence defendant may present in this case, as informed by the discovery to be taken, may well not coincide with the revenue agent's earlier computations,

which were based on less complete information that the revenue agent obtained during administrative proceedings.

The accuracy of the revenue agent's computations naturally depends on the accuracy of the information regarding plaintiffs' financial situation that was in the revenue agent's hands at the time she made the computations. The discovery tools that are available to the Government in this action are much broader than those that were available to the revenue agent during her administrative review of plaintiffs' refund claims. Some of the revenue agent's calculations – particularly those concerning the computation of creditable foreign taxes (*e.g.,* Revenue Agent Report at 6-8) – were based on assumptions instead of a complete factual picture. For that reason, the Government's discovery in this case could very well require revision of the revenue agent's analysis and computations. Thus, it is hardly "disingenuous," as plaintiffs argue, for Defendant to assert . . . that the income tax consequences from the reclassification . . . depend on facts known only to Plaintiffs . . . ." (P. Reply at 6.)

Moreover, plaintiffs' claim that they are incapable of filing a responsive pleading does not withstand scrutiny. In their complaint, plaintiffs alleged precise tax consequences that they contend would flow

from FLPJ's reclassification during the years in suit. Plaintiffs are well within their rights simply to deny those of defendant's allegations that are inconsistent with the position that plaintiffs took in their original complaint.

Finally, to require defendant to plead the dollar-for-dollar tax consequences of FLPJ's recharacterization would be inappropriate. Under the requirements of notice pleading, it is "sufficient for a plaintiff or counter-plaintiff in the statement of the claim to merely state the nature of damages and allow the damage issue to be further delineated by pre-trial discovery." *Everco Indus., Inc. v. O.E.M. Prods. Co.*, 63 F.R.D. 662, 666 (N.D. Ill. 1974). Here, defendant alleged the general nature of the tax effects of FLPJ's recharacterization, and defendant need not aver the precise dollar-for-dollar consequences of those tax effects.

### C. Tax consequences of FLPJ's reversion back to a corporation

Although plaintiffs apparently disagree with the factual and legal basis of defendant's allegation that there would be tax consequences from FLPJ's reversion to a corporation (*see* P. Reply at 4-5), plaintiffs appear to comprehend defendant's allegation, and they do not claim they are incapable of responding to it. Accordingly, an order compelling defendant to provide a more definite statement of these allegations is not warranted.

**D. <u>Defendant's proposed counterclaim</u>**

Defendant believes that most of the additional taxes that plaintiffs may owe as a result of the reclassification of FLPJ would likely affect closed years. However, it is possible that the statute of limitations may not bar the assessment of all additional taxes that could result if FLPJ is reclassified. At this stage of the case, until the years and taxes at issue are firmly established, defendant cannot determine with certainty whether assessment of these taxes is or is not time barred. Defendant's counterclaim (which presumes the additional taxes are not barred by limitations) is therefore pled in the alternative to its affirmative defenses (which presumes that the additional taxes are barred.) Pleading in the alternative is expressly permitted by Rule 8(e)(2) of the Rules of the Court of Federal Claims. Under these circumstances, no additional clarification of defendant's counterclaim is necessary.

## III. <u>CONCLUSION</u>

For the reasons stated above, defendant respectfully requests that defendant be granted leave to file an amended answer and that plaintiffs' motion for a more definite statement should be resolved on that basis.

Respectfully submitted,

s/Jason Bergmann

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616 3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

March 31, 2008