IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 07-698T & 07-704T
(Consolidated Cases)

(Judge Lawrence M. Baskir)

GENE H. YAMAGATA,

Plaintiff

v.

UNITED STATES,

Defendant

AMENDED ANSWER AND COUNTERCLAIM TO COMPLAINT
BY REX G. MAUGHAN AND RUTH G. MAUGHAN

Defendant, the United States of America, in answer to the Complaint of plaintiffs Rex G. Maughan and Ruth G. Maughan, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the Complaint as follows:

1. In response to paragraph 1 of the Complaint, defendant admits that the action seeks refunds of federal income tax, together with interest

as provided by law. Defendant denies that plaintiffs are entitled to any of the relief that they seek.

2. In response to paragraph 2 of the Complaint, defendant states that subject matter jurisdiction, to the extent that it exists, is conveyed by 28 U.S.C. § 1491(a)(1).

3. In response to paragraph 3 of the Complaint, defendant admits that the Complaint correctly identifies the taxpayer identification numbers that appear on plaintiffs' tax returns for the years in suit. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiffs are husband and wife and are residents of Paradise Valley, Arizona.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, defendant admits that the action seeks refunds of federal income tax "for each of the tax years 1991 through and including 1996." Defendant denies that plaintiffs are entitled to any of the relief that they seek. Defendant states that plaintiffs' assertion that the returns for the years at issue "were timely filed" constitutes legal argument to which no response is required. Defendant

further states that it lacks information sufficient to form a belief as to the truth of the allegation that the returns were filed with the Internal Revenue Service Center in Ogden, Utah.

**COUNT I - 1991 Tax Year**

6. In response to paragraph 6 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1991 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 20, 1992. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah". Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1991 tax year. Defendant avers that plaintiffs' withholding of $3,796,066 was applied to the 1991 tax year effective April 15, 1992. Defendant avers that an estimated tax payment of $639,000 was applied to the 1991 tax year on

June 19, 1991. Defendant avers that an estimated tax payment of $639,000 was applied to the 1991 tax year on September 18, 1991. Defendant avers that a subsequent payment of $4,200,000 was applied to the 1991 tax year on April 15, 1991. Defendant avers that further payments of $1,199 and $597.37 were applied to the 1991 tax year on April 1, 1997. Defendant avers that further payments of $288,001 and $239,442.07 were applied to the 1991 tax year on August 27, 1999. Defendant avers that $1,747,049 of the above-described sums was applied to the 1992 tax year on April 15, 1992. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

9. Defendant admits the allegations in the first sentence of paragraph 9 of the Complaint. In response to the second sentence of paragraph 9 of the Complaint, defendant avers that payments of $288,001 and $239,442.07 were applied to the 1991 tax year on August 27, 1999.

10. In response to first sentence of paragraph 10 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1991 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November

28, 1991; defendant further states that Revenue Procedure 96-13 is a document whose content speaks for itself and as to which no response is required. Defendant admits that Exhibit 14 is a true copy of the transmittal letter. In response to the third sentence of paragraph 10 of the Complaint, defendant avers that the claim purports to seek a refund arising from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the claim was timely constitutes legal argument to which no response is required.

11. In response to the first sentence of paragraph 11 of the Complaint, defendant states that the Form 1040X for the 1991 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 11 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and omission of the "Preparer's SSN or PTIN" on page 17, Exhibit 1 is a true copy of the Form 1040X for the 1991 tax year.

12. In response to the first sentence of paragraph 12 of the Complaint, defendant admits that the Internal Revenue Service sent to

plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 12 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and the September 30, 2005 stamp on page 112, Exhibit 2 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

13. In response to paragraph 13 of the Complaint, defendant states that the 1991 tax return speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

14. In response to paragraph 14 of the Complaint, defendant states that the 1991 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

15. In response to paragraph 15 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan ("FLPJ") "as a partnership for United States income tax purposes." Defendant further denies that, if FLPJ were treated "as a partnership for United States

income tax purposes," plaintiffs "have overpaid their federal income tax for 1991 in the amount of $1,021,196.00". Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1991.

**COUNT II - 1992 Tax Year**

16. In response to paragraph 16 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1992 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 18, 1993. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah". Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1992 tax year. Defendant avers that plaintiffs' withholding of $9,496,090 was applied to the 1992 tax year effective April 15, 1993. Defendant avers that an estimated tax payment of $900,000 was applied to the 1992 tax year on

June 17, 1992. Defendant avers that $1,747,049 was applied from the 1991 tax year to the 1992 tax year on April 15, 1992. Defendant avers that a subsequent payment of $2,256,861 was applied to the 1992 tax year on April 15, 1993. Defendant avers that further payments of $3,357 and $1,311.69 were applied to the 1992 tax year on April 1, 1997. Defendant avers that further payments of $459,795 and $321,858.35 were applied to the 1992 tax year on August 27, 1999. Defendant avers that $2,940,441 of the above-described sums was applied to the 1993 tax year on April 15, 1993. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

19. Defendant admits the allegations in the first sentence of paragraph 19 of the Complaint. In response to the second sentence of paragraph 19 of the Complaint, defendant avers that payments of $459,795 and $321,858.35 were applied to the 1992 tax year on August 27, 1999.

20. In response to first sentence of paragraph 20 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1992 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November 28, 1991; defendant further states that Revenue Procedure 96-13 is a

document whose content speaks for itself and as to which no response is required. In response to the second sentence of paragraph 20 of the Complaint, defendant avers that the claim purports to seek a refund arising from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the claim was timely constitutes legal argument to which no response is required.

21. In response to the first sentence of paragraph 21 of the Complaint, defendant states that the Form 1040X for the 1992 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 21 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs, omission of the "Preparer's SSN or PTIN" on page 115, and omission of Exhibits B and C, Exhibit 3 is a true copy of the Form 1040X for the 1992 tax year.

22. In response to the first sentence of paragraph 22 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes

legal argument to which no response is required. In response to the second sentence of paragraph 22 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and the September 30, 2005 stamp on page 130, Exhibit 4 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

23. In response to paragraph 23 of the Complaint, defendant states that the 1992 tax return speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

24. In response to paragraph 24 of the Complaint, defendant states that the 1992 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

25. In response to paragraph 25 of the Complaint, defendant denies that it is proper to treat FLPJ "as a partnership for United States income tax purposes." Defendant further denies that, if FLPJ were treated "as a partnership for United States income tax purposes," plaintiffs "have overpaid their federal income tax for 1992 in the amount of $2,425,699.00".

Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1992.

**COUNT III - 1993 Tax Year**

26. In response to paragraph 26 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1993 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 20, 1994. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah". Defendant avers that the tax return was processed in the Internal Revenue Service center in Philadelphia, PA.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1993 tax year. Defendant avers that plaintiffs' withholding of $1,539,833 was applied to the 1993 tax year effective April 15, 1994. Defendant avers that an estimated tax payment of $2,700,000 was applied to the 1993 tax year on June 21, 1993. Defendant avers that an estimated tax payment of

$1,600,000 was applied to the 1993 tax year on September 21, 1993. Defendant avers that an estimated tax payment of $1,600,000 was applied to the 1993 tax year on January 21, 1994. Defendant avers that $2,940,441 was applied from the 1992 tax year to the 1993 tax year on April 15, 1993. Defendant avers that a subsequent payment of $2,600,000 was applied to the 1993 tax year on April 15, 1994. Defendant avers that one subsequent payment of $843,998 was made on April 21, 1995, and another subsequent payment of $843,998 was made on April 17, 1996. Defendant avers that $3,885,341 of the above-described sums was applied to the 1994 tax year on April 15, 1994. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

29. In response to first sentence of paragraph 29 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1993 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November 28, 1991; defendant further states that Revenue Procedure 96-13 is a document whose content speaks for itself and as to which no response is required. In response to the third sentence of paragraph 29 of the

Complaint, defendant avers that the claim purports to seek a refund arising from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the claim was timely constitutes legal argument to which no response is required.

30. In response to the first sentence of paragraph 30 of the Complaint, defendant states that the Form 1040X for the 1993 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 30 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs, omission of the "Preparer's SSN or PTIN" on page 133, and omission of Exhibits B and C, Exhibit 5 is a true copy of the Form 1040X for the 1993 tax year.

31. In response to the first sentence of paragraph 31 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 31 of the Complaint, defendant admits that,

but for the page numbers added by plaintiffs and the September 30, 2005 stamp on page 148, Exhibit 6 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

32. In response to paragraph 32 of the Complaint, defendant states that the document speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

33. In response to the first sentence of paragraph 33 of the Complaint, defendant states that plaintiffs' allegations constitute legal argument to which no response is required. In response to the second sentence of paragraph 33 of the Complaint, defendant states that, but for the page numbers added by plaintiffs and the June 25, 2002 stamp on page 212, Exhibit 13 to the Complaint is a true copy of a letter dated June 13, 2002 from the U.S. Competent Authority to Terrence D. Woolston, Esq. with a case reference of "Aloe Vera of America (97-169 - A, et al.)".

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, defendant states that the 1993 tax return speaks for itself as to its content, and plaintiffs'

characterization of the document is legal argument to which no response is required.

36. In response to paragraph 36 of the Complaint, defendant states that the 1993 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

37. In response to paragraph 37 of the Complaint, defendant denies that it is proper to treat FLPJ "as a partnership for United States income tax purposes." Defendant further denies that, if FLPJ were treated "as a partnership for United States income tax purposes," plaintiffs "have overpaid their federal income tax for 1993 in the amount of $4,711,256.00". Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1993.

**COUNT IV - 1994 Tax Year**

38. In response to paragraph 38 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1994 tax year. Defendant avers that the Internal Revenue Service received the tax return on November 7, 1995. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation

that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah." Defendant avers that the tax return was processed in the Internal Revenue Service center in Philadelphia, PA.

39. Defendant admits the allegations in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1994 tax year. Defendant avers that plaintiffs' withholding of $1,283,350 was applied to the 1994 tax year effective April 15, 1995. Defendant avers that an estimated tax payment of $2,975,000 was applied to the 1994 tax year on June 15, 1994. Defendant avers that an estimated tax payment of $2,975,000 was applied to the 1994 tax year on September 22, 1994. Defendant avers that an estimated tax payment of $781,500 was applied to the 1994 tax year on January 15, 1995. Defendant avers that $3,885,341 was applied from the 1993 tax year to the 1994 tax year on April 15, 1994. Defendant avers that a subsequent payment of $16,500,000 was applied to the 1994 tax year on April 15, 1995. Defendant avers that $4,968,711 of the above-described sums was applied to the 1995 tax year on April 15,

1995. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

41. In response to first sentence of paragraph 41 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1994 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November 28, 1991; defendant further states that Revenue Procedure 96-13 is a document whose content speaks for itself and as to which no response is required. In response to the third sentence of paragraph 41 of the Complaint, defendant avers that the claim purports to seek a refund arising from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the claim was timely constitutes legal argument to which no response is required.

42. In response to the first sentence of paragraph 42 of the Complaint, defendant states that the Form 1040X for the 1994 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 42 of the Complaint, defendant admits that, but for

the page numbers added by plaintiffs, omission of the "Preparer's SSN or PTIN" on page 151, and omission of Exhibits B and C, Exhibit 7 is a true copy of the Form 1040X for the 1994 tax year.

43. In response to the first sentence of paragraph 43 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 43 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and the September 30, 2005 stamp on page 116, Exhibit 8 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

44. In response to paragraph 44 of the Complaint, defendant states that the document speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

45. In response to the first sentence of paragraph 45 of the Complaint, defendant states that plaintiffs' allegations constitute legal argument to which no response is required.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, defendant states that the 1994 tax return speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

48. In response to paragraph 48 of the Complaint, defendant states that the 1994 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

49. In response to paragraph 49 of the Complaint, defendant denies that it is proper to treat FLPJ "as a partnership for United States income tax purposes." Defendant further denies that, if FLPJ were treated "as a partnership for United States income tax purposes," plaintiffs "have overpaid their federal income tax for 1994 in the amount of $9,292,695.00". Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1994.

**COUNT V - 1995 Tax Year**

50. In response to paragraph 50 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1995 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 15, 1996. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah". Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

51. Defendant admits the allegations in paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1995 tax year. Defendant avers that plaintiffs' withholding of $5,963,640 was applied to the 1995 tax year effective April 15, 1996. Defendant avers that an estimated tax payment of $5,781,000 was applied to the 1995 tax year on June 15, 1995. Defendant avers that an estimated tax payment of $5,781,000 was applied to the 1995 tax year on September 15, 1995. Defendant avers that an estimated tax payment of $3,281,000 was applied

to the 1995 tax year on January 16, 1996. Defendant avers that $4,968,711 was applied from the 1994 tax year to the 1995 tax year on April 15, 1995. Defendant avers that a subsequent payment of $4,856,002 was applied to the 1995 tax year on April 15, 1996. Defendant avers that $10,771,628 of the above-described sums was applied to the 1996 tax year on April 15, 1996. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

53. In response to first sentence of paragraph 53 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1995 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November 28, 1991; defendant further states that Revenue Procedure 96-13 is a document whose content speaks for itself and as to which no response is required. In response to the third sentence of paragraph 53 of the Complaint, defendant avers that the claim purports to seek a refund arising from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the

claim was timely constitutes legal argument to which no response is required.

54. In response to the first sentence of paragraph 54 of the Complaint, defendant states that the Form 1040X for the 1995 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 54 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs, omission of the "Preparer's SSN or PTIN" on page 169, and omission of Exhibits B and C, Exhibit 9 is a true copy of the Form 1040X for the 1995 tax year.

55. In response to the first sentence of paragraph 55 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 55 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and the September 30, 2005 stamp on page 185, Exhibit 10 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

56. In response to paragraph 56 of the Complaint, defendant states that the document speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

57. In response to the first sentence of paragraph 57 of the Complaint, defendant states that plaintiffs' allegations constitute legal argument to which no response is required.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. In response to paragraph 59 of the Complaint, defendant states that the 1995 tax return speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

60. In response to paragraph 60 of the Complaint, defendant states that the 1995 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

61. In response to paragraph 61 of the Complaint, defendant denies that it is proper to treat FLPJ "as a partnership for United States

income tax purposes." Defendant further denies that, if FLPJ were treated "as a partnership for United States income tax purposes," plaintiffs "have overpaid their federal income tax for 1995 in the amount of $9,863,011.00". Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1995.

**COUNT VI - 1996 Tax Year**

62. In response to paragraph 62 of the Complaint, defendant admits that plaintiffs filed a federal income tax return, Form 1040, for the 1996 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 24, 1997. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the Internal Revenue Service Center in Ogden, Utah". Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

63. Defendant admits the allegations in paragraph 63 of the Complaint.

64. In response to paragraph 64 of the Complaint, defendant avers that plaintiffs made many separate income tax payments for the 1996 tax year. Defendant avers that plaintiffs' withholding of $1,307,939 was

applied to the 1996 tax year effective April 15, 1997. Defendant avers that an estimated tax payment of $6,110,500 was applied to the 1996 tax year on June 15, 1996. Defendant avers that an estimated tax payment of $6,110,500 was applied to the 1996 tax year on September 15, 1996. Defendant avers that $10,771,628 was applied from the 1995 tax year to the 1996 tax year on April 15, 1996. Defendant avers that a subsequent payment of $2,000,000 was applied to the 1996 tax year on April 15, 1997. Defendant avers that $7,907,183 of the above-described sums was applied to the 1997 tax year effective April 15, 1997. Defendant states that plaintiffs' assertion that the payments were timely constitutes legal argument to which no response is required.

65. In response to first sentence of paragraph 65 of the Complaint, defendant admits that plaintiffs filed a Form 1040X dated September 27, 2001 for the 1996 tax year with the U.S. Competent Authority and admits that the 1040X was accompanied by a transmittal letter dated November 28, 1991; defendant further states that Revenue Procedure 96-13 is a document whose content speaks for itself and as to which no response is required. In response to the third sentence of paragraph 65 of the Complaint, defendant avers that the claim purports to seek a refund arising

from foreign tax credits, but defendant denies that plaintiffs are entitled to any such refund. Defendant further states that plaintiffs' assertion that the claim was timely constitutes legal argument to which no response is required.

66. In response to the first sentence of paragraph 66 of the Complaint, defendant states that the Form 1040X for the 1996 tax year speaks for itself as to its content, and plaintiffs' allegation constitutes legal argument to which no response is required. In response to the second sentence of paragraph 66 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs, omission of the "Preparer's SSN or PTIN" on page 188, and omission of Exhibits B and C, Exhibit 11 is a true copy of the Form 1040X for the 1996 tax year.

67. In response to the first sentence of paragraph 67 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiffs a Certified Notice of Claim Disallowance dated September 29, 2005; defendant states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 67 of the Complaint, defendant admits that, but for the page numbers added by plaintiffs and the September 30, 2005

stamp on page 209, Exhibit 12 to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

68. In response to paragraph 68 of the Complaint, defendant states that the document speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

69. In response to the first sentence of paragraph 69 of the Complaint, defendant states that plaintiffs' allegations constitute legal argument to which no response is required.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, defendant states that the 1996 tax return speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

72. In response to paragraph 72 of the Complaint, defendant states that the 1996 refund claim speaks for itself as to its content, and plaintiffs' characterization of the document is legal argument to which no response is required.

73. In response to paragraph 73 of the Complaint, defendant denies that it is proper to treat FLPJ “as a partnership for United States income tax purposes.” Defendant further denies that, if FLPJ were treated “as a partnership for United States income tax purposes,” plaintiffs “have overpaid their federal income tax for 1996 in the amount of $9,424,505.00” Defendant specifically denies that plaintiffs are entitled to any refund of income tax for the tax year 1996.

**RESPONSE TO ALLEGATIONS REGARDING ALL COUNTS**

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. In response to paragraph 75 of the Complaint, defendant admits that no action has been taken on the refund claims by Congress, in any judicial proceeding, or in the Tax Court of the United States. Defendant further admits that the Internal Revenue Service has not taken any formal actions on the refund claims beyond the “IRS Notices of Disallowance attached” to the Complaint.

76. In response to paragraph 76 of the Complaint, defendant admits that in a letter dated September 5, 2007, plaintiffs requested Appeals Office consideration of their refund claims for tax years 1991

through 1996, inclusive. Defendant denies that the Internal Revenue Service declined to follow "standard IRS procedures" with respect to this request. Defendant admits that the Internal Revenue Service declined to extend the statute of limitations.

77. In response to paragraph 77 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

78. In response to the prayer for relief, defendant denies that plaintiffs are entitled to any of the relief that they seek in their Complaint.

**AFFIRMATIVE DEFENSES – GENERAL ALLEGATIONS**

79. Plaintiffs represented, in connection with their tax returns for the years in suit, that FLPJ should be classified as a corporation for U.S. income tax purposes.

80. If, as plaintiffs allege, FLPJ should be classified as a partnership for one or more of the years in suit, the resulting reclassification of FLPJ would have various effects that could increase the income taxes and/or excise taxes that plaintiffs owe to the United States. The tax consequences fall into three broad categories: (1) those that occur at the time of FLPJ's reclassification from a corporation to a partnership; (2) those

that affect each of the tax years during which FLPJ's classification may change; and (3) those that occur when FLPJ's classification reverts from a partnership back to a corporation.

81. First, FLPJ's change in classification from a corporation to a partnership would have tax consequences that occur at the time of the alleged change in classification. Reclassification of a foreign entity from a corporation to a partnership results in a deemed liquidation of the entity, followed by a deemed recontribution of assets to a new entity. The deemed liquidation of FLPJ could cause plaintiffs to realize either a gain or loss in their interest in the entity at the time of the reclassification. Some or all of any gain may be characterized as a dividend. The deemed recontribution of assets to FLPJ could cause plaintiffs to owe an excise tax on the transfer of those assets.

82. The precise time when plaintiffs would incur tax consequences from the reclassification of the corporation to a partnership, and the resulting deemed liquidation of FLPJ and deemed recontribution of assets to the entity depends upon the grounds upon which the Court were to base FLPJ's classification as a partnership.

83. The precise effect that the deemed liquidation and recontribution would have on the income or excise taxes that plaintiffs may owe depends on facts known to plaintiffs but not defendant. Such facts include, among other things, the basis of plaintiffs' interest in FLPJ, the value of plaintiffs' interest in FLPJ at the time that the reclassification would take effect, and FLPJ's earnings and profits during pertinent periods of time.

84. Second, during each year of FLPJ's reclassification as a partnership, the computation of the income taxes owed by plaintiffs could be affected in various ways. Plaintiffs' foreign source income could increase. Plaintiffs' dividend income could decline. Plaintiffs' deductions could be affected. Plaintiffs could potentially claim additional foreign tax credits. Additional adjustments to the computation of plaintiffs' tax liability may also be necessary.

85. In addition, during each year of FLPJ's reclassification as a partnership, to the extent that plaintiffs may have transferred property to FLPJ, plaintiffs could owe excise taxes on the transfer of such property.

86. The amount of income taxes and excise taxes owed by plaintiffs would be affected during each year of FLPJ's classification as a

partnership. If, as plaintiffs allege, FLPJ should be classified as a partnership beginning in 1991 and continuing until 1996, there would be tax consequences during each of the years from 1991 to 1996. To the extent that reclassification would be proper during some but not all of the years in suit, the tax consequences would be limited only to the affected years.

87. The computation of plaintiffs' income tax liability for each affected year would depend on each alteration resulting from the reclassification. Identifying and quantifying the tax consequences of FLPJ's reclassification as a partnership depends on facts known to plaintiffs but not defendant. Such facts include, among other things, FLPJ's income and deductions that may flow through to plaintiffs' tax returns, the taxes paid by FLPJ for which plaintiffs may claim a foreign tax credit, and the financial records of the S-corporation through which plaintiffs owned shares in FLPJ.

88. Third, plaintiffs' reclassification claims, if successful, would cause FLPJ to experience a second status change – from a partnership to a corporation – at the end of the years in suit. At that time, the applicable *Kittner* regulations were superseded by new "check the box" regulations. (*See* 26 CFR § 301.7701-1, *et seq.*) The new regulations classified FLPJ

as a corporation in 1997. Plaintiffs would therefore experience tax consequences when FLPJ would revert from a partnership to a corporation when the new regulations took effect.

89. Reclassification of FLPJ from a partnership to a corporation would result in the deemed liquidation of the partnership and deemed contribution of assets to a new corporation. The deemed contribution of assets to the foreign corporation may result in recognition of gain to plaintiffs. In addition, depending on the facts, it is possible that the deemed liquidation of the partnership would cause plaintiffs to realize gain in his partnership interest.

90. The precise effect of the deemed liquidation and contribution on the taxes that plaintiffs may owe depends upon facts known to plaintiffs but not defendant. Such facts include, among other things, the basis of plaintiffs' interest in FLPJ, the value of plaintiffs' interest in FLPJ at the time that the reclassification would take effect, and the nature and value of those assets that would be deemed contributed to FLPJ at the time of the reclassification.

91. Thus, if plaintiffs are correct that FLPJ should be reclassified from a corporation, as originally reported, to a partnership, there would be

various effects on plaintiffs' tax liability during each of the years from 1991 through 1996, and potentially during other years as well. Plaintiffs' income and/or excise tax liability could decrease during some years, and their liability could increase during others. Those tax effects can be examined after the Court has determined whether FLPJ should be reclassified and, if so, which tax years are affected. Those tax effects will also depend on facts known to plaintiffs that are not presently in defendant's possession.

## SPECIFIC AFFIRMATIVE DEFENSES

92. **Duty of Consistency.** Defendant incorporates by reference its allegations in paragraphs 79-91, above. To the extent that reclassification of FLPJ would increase the tax owed by plaintiffs to the United States, the United States may be foreclosed by statutes of limitation from assessing plaintiffs with the additional taxes owed. The duty of consistency precludes plaintiffs' attempt to reclassify FLPJ as a partnership.

93. **Equitable Estoppel.** Defendant incorporates by reference its allegations in paragraphs 79-91, above. To the extent that reclassification of FLPJ would increase the tax owed by plaintiffs to the United States, the United States may be foreclosed by statutes of limitation from assessing plaintiffs with the additional taxes owed. Accordingly, plaintiffs are

estopped from asserting in this proceeding that FLPJ should be classified as a partnership for United States income tax purposes.

94. **Equitable Recoupment/Set-off.** Defendant incorporates by reference its allegations in paragraphs 79-91, above. To the extent that reclassification of FLPJ would increase the tax owed by plaintiffs to the United States, and to the extent that the United States is foreclosed by statutes of limitation from assessing plaintiffs with the additional taxes owed, any tax refund due to plaintiffs must be reduced by the amount of those increased liabilities, notwithstanding the statutes of limitation.

## COUNTERCLAIM

95. Defendant incorporates by reference its allegations in paragraphs 79-91, above. To the extent that reclassification of FLPJ would increase the tax owed by plaintiffs to the United States, and to the extent that the United States is not foreclosed by statutes of limitation from assessing plaintiffs with the additional taxes owed, the United States prays for recovery of such taxes, plus penalties and interest as is allowed by law.

WHEREFORE, defendant prays that the Complaint of plaintiff Gene H. Yamagata be dismissed with prejudice, with defendant's costs to be taxed against plaintiffs, and with such other relief as the Court deems meet

in the premises. Defendant further prays, on its counterclaim, for a recovery of income and/or excise taxes owed, plus penalties and interest as is allowed by law, along with such other relief as the Court deems meet in the premises.

Respectfully submitted,

s/Jason Bergmann

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616 3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

July 24, 2008