**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Case Nos. 07-698T and 07-704T
(Consolidated Cases)

(Judge Lawrence M. Baskir)

GENE H. YAMAGATA, *et al.*,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

**REPLY TO COUNTERCLAIM AND OFFSET**
**IN CASE NO. 07-704T**

In reply to the Counterclaim and offset to Complaint by Rex G. Maughan and Ruth G. Maughan filed 7/24/2008 (Doc. 20) by Defendant, Plaintiffs herein deny each and every allegation that is not admitted or otherwise specifically addressed below.

To the extent that Defendant has incorporated paragraphs 79 through 91 of its Amended Answer within its Counterclaim and Offset, Plaintiffs respond to said paragraphs as follows:

79. Denies. Admits that Plaintiffs treated FLPJ as a corporation for U.S. income tax purposes on their original tax returns for the years in question.

80. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

81. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

82. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

83. Admits that the precise affect that the deemed liquidation and recontribution would have on the income or excise taxes that Plaintiffs may owe depends on facts known to Plaintiffs but not Defendant. Denies the remainder of the allegations in this paragraph. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

84. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

85. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

86. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

87. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

88. Denies. Alternatively, years following the years at issue are outside the jurisdiction of the Court.

89. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny. Alternatively, years following the years at issue are outside the jurisdiction of the Court.

90. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

91. Denies. Alternatively, these statements constitute legal argument which do not require Plaintiffs to either admit or deny.

94. In further response to paragraph 94, Plaintiffs deny that Defendant has stated a setoff upon which relief can be granted. Plaintiffs also assert that Defendant has failed to plead its offset/setoff claim with specificity and/or as a compulsory counterclaim as required by the Court's Order filed 7/21/2008 (Doc. 19).

95. In further response to paragraph 95, Plaintiffs deny that Defendant has stated a counterclaim upon which relief can be granted. Plaintiffs further deny that any additional taxes exist based upon reclassification. Plaintiffs deny the remainder of the allegations of paragraph 95 of the Counterclaim.

WHEREFORE, Plaintiffs request that this Court enter judgment (1) denying the Counterclaim filed by Defendant, (2) awarding Plaintiffs' refunds as demanded in their Complaint (Doc. 1), and (3) for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted this 6th day of August, 2008.

s/Tim A. Tarter

TIM A. TARTER
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle,
Suite 1430
Phoenix, Arizona 85016-2114
Tel. (602) 532-9197
Fax. (602) 532-9193
Counsel of Record for Plaintiffs